## Underwood v. Cone Mills Corp.

JOHN D. UNDERWOOD, Employee v. CONE MILLS CORPORATION, Employer, Self-Insured

No. 8510IC144

(Filed 3 December 1985)

**Master and Servant § 68— workers' compensation—time of disability—timeliness of claim for occupational disease**

   Plaintiff did not become disabled until the date he was forced to stop work of any kind because of his occupational disease, and his claim to recover compensation for chronic obstructive pulmonary disease filed within two years after that date was timely filed without regard to when he was first informed of the nature and work-related cause of his disease. N.C.G.S. 97-58(b) and (c); N.C.G.S. 97-54; N.C.G.S. 97-2(9).

APPEAL by defendant from Opinion and Award of the North Carolina Industrial Commission filed 9 November 1984. Heard in the Court of Appeals 19 September 1985.

Plaintiff was born on 2 November 1922. He has a fifth grade education and worked on a farm until 1954 when he began working for Cone Mills. He worked in the card room in an extremely dusty environment for almost a year. The dust bothered him so much that he returned to work on a farm for about five months. He returned to work for Cone Mills in 1955. This time he worked in the winding room which was dusty, but not as dusty as the card room. Plaintiff has been a heavy smoker for most of his life, estimating that he smoked two packs a day for about forty years until strongly urged by his doctor to quit. He has now cut down to about half a pack a day.

Plaintiff first began noticing he was having breathing problems in 1977, after twenty years of working for Cone Mills. He noticed that these breathing problems worsened as the day went on, and also were worse later in the week. The problem became severe in 1980, and plaintiff consulted his family physician, Dr. Joe Robinson, about his breathing difficulties. Dr. Robinson advised plaintiff that he had chronic bronchitis, respiratory infection and allergies, and that it was possible that these conditions were aggravated by the cotton dust at Cone Mills. Because of the severity of plaintiff's breathing problems, Dr. Robinson recommended a medical leave of absence from Cone Mills, which plaintiff took from May 1980 until October 1981. Plaintiff returned to

work in October 1981 at Cone Mills in the weaving room, an area with less cotton dust than the winding room. Plaintiff continued to work full time in the weaving room as a sweeper until 3 June 1982, when he left Cone Mills permanently.

On that same day, plaintiff was checked into Greensboro Hospital for thorough testing and diagnosis of his breathing difficulties. Dr. Robinson had made the diagnosis of chronic obstructive pulmonary disease (COPD) in March 1981, but it was not until plaintiff was admitted to the hospital in June 1982 that plaintiff was told that he was permanently and totally disabled due to COPD.

On 2 February 1983 plaintiff filed a claim with the Industrial Commission for an occupational disease caused by exposure to cotton dust. Deputy Commissioner Sellers entered an order on 1 June 1984 dismissing plaintiff's claim as untimely because she found it was filed more than two years after plaintiff was disabled and was informed by competent medical authority of the nature and work-related cause of his occupational disease. Plaintiff filed for review of the dismissal by the Full Commission. By order entered 9 November 1984, the Commission reversed Commissioner Sellers, ruling the plaintiff's claim had been timely filed based on a finding that plaintiff was not informed of the work-related cause of his disease until March of 1981. The Commission entered an Order and Award ordering Cone Mills to pay plaintiff $143.65 weekly compensation for life and plaintiff's medical expenses incurred as a result of his COPD. Defendant appeals.

*Ling and Farran by Stephen D. Ling for plaintiff-appellee.*

*Smith, Moore, Smith, Schell and Hunter by J. Donald Cowan, Jr., and Caroline Hudson for defendant-appellant.*

PARKER, Judge.

The issue presented by this appeal is whether the plaintiff filed his claim within the time prescribed by G.S. 97-58, which provides:

> (b) . . . The time of notice of an occupational disease shall run from the date that the employee has been advised by competent medical authority that he has same.

(c) The right to compensation for occupational disease shall be barred unless a claim be filed with the Industrial Commission within two years after death, disability, or disablement as the case may be . . . .

This two year statute of limitation is a condition precedent with which a plaintiff must comply in order to confer jurisdiction on the Industrial Commission. *Poythress v. J. P. Stevens & Co.*, 54 N.C. App. 376, 283 S.E. 2d 573 (1981), *disc. rev. denied,* 305 N.C. 153, 289 S.E. 2d 380 (1982).

Findings of fact by the Industrial Commission are normally conclusive on appeal when supported by any competent evidence even if there is evidence to support contrary findings. *Hilliard v. Apex Cabinet Co.*, 305 N.C. 593, 290 S.E. 2d 682 (1982). An exception exists, however, for findings of fact relating to jurisdiction. *Dowdy v. Fieldcrest Mills,* 308 N.C. 701, 304 S.E. 2d 215 (1983), *rehearing denied,* --- N.C. ---, 311 S.E. 2d 590 (1984). The reviewing courts have a duty to make their own independent findings of jurisdictional facts based upon their consideration of the entire record. *Id.*

The record on appeal reveals the following facts relevant to jurisdiction and the statute of limitation: (i) plaintiff filed his claim on 2 February 1983; (ii) plaintiff had permanently quit working at Cone Mills on 3 June 1982, when he was hospitalized for COPD; (iii) plaintiff had been hospitalized on 29 March 1981 for testing and diagnosis; he was discharged on 9 April 1981 with a final diagnosis of COPD; (iv) plaintiff took a leave of absence from work in 1980 on the advice of his family physician who had told him that the cotton dust at work could be a factor aggravating his breathing problems. These facts lead to the conclusion that plaintiff's claim was filed in a timely manner and that the Industrial Commission properly asserted jurisdiction.

In *Taylor v. J. P. Stevens & Co.*, 300 N.C. 94, 265 S.E. 2d 144 (1980), our Supreme Court held that sections (b) and (c) of G.S. 97-58, *supra,* must be construed *in pari materia.* When so construed, the Court held that the two year period within which claims for benefits for an occupational disease must be filed begins running when an employee has suffered injury from an occupational disease which renders the employee incapable of earning, at any job, the wages the employee was receiving at the time

of the incapacity, and the employee is informed by competent medical authority of the nature and work-related cause of the disease. *Id.* at 98-99, 265 S.E. 2d at 147. The two year period for filing claims for an occupational disease does not begin to run until all of these factors exist. *Dowdy v. Fieldcrest* at 706, 304 S.E. 2d at 218-219.

This determination was based upon a reading of the definitions of "disablement" and "disability" contained in North Carolina's Workers' Compensation Act. G.S. 97-2(9) provides, "The term 'disability' means incapacity because of injury to earn the wages which the employee was receiving at the time of injury in the same or *any other employment*" (emphasis added). General Statute 97-54 provides that in all cases of occupational disease other than asbestosis or silicosis (not involved here), " 'disablement' shall be equivalent to 'disability' as defined in G.S. 97-2(9)."

Under these definitions and the holding in *Taylor v. Stevens & Co.*, *supra*, it becomes clear that plaintiff's claim was timely filed. He did not become disabled within the meaning of the Workers' Compensation Act until 3 June 1982, when he was forced to stop work of any kind because of his occupational disease. Because plaintiff was able to earn the wages he had always received until that date, the arguments as to when plaintiff was first informed of the nature and work-related cause of his disease become irrelevant. All factors required by *Taylor v. Stevens & Co.* must exist before the statute of limitation begins running. *See Dowdy v. Fieldcrest* at 706, 304 S.E. 2d at 218-219.

Having reviewed the entire record, we find that the Industrial Commission properly exercised jurisdiction over plaintiff's claim. Therefore, the Opinion and Award of the Commission is hereby

Affirmed.

Judges JOHNSON and EAGLES concur.